IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3164 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE ANTONIO GARCIA, | ) | MEMORANDUM OF OPINION |
| | ) | |
| Defendant. | ) | |
| | ) | |

At the detention hearing held before me this date both
parties offered documentary evidence and the matter was submitted
on that evidence, the pretrial services report, and the arguments
of counsel.  I have now had additional time to consider the
evidence and make the following findings and conclusions.

Defendant stands indicted on a charge of failing to register
as a sex offender in violation of 18 U.S.C. 2250(a).  He was
required to register as a sex offender as a result of a state
felony conviction in 1997 in Sioux City, Iowa, for Lascivious
Acts with a Child, for which he was sentenced to five years'
imprisonment.  That conviction resulted from acts of digital and
oral sexual contact with a thirteen-year-old girl.  Under the
Bail Reform Act, 18 U.S.C. 3142, *et seq.*, since that conviction
is over five years old, or alternatively, the end of the
defendant's incarceration, though not set forth in the pretrial
services report, would have been more than five years before the
filing of the indictment in this case, the rebuttable "prior
offender presumption" of section 3142(e) and (f) does not apply
in this case.  Nor does the "probable cause presumption"
established by the amendments of the Adam Walsh Act, as 18 U.S.C.
2250 is not listed therein.  Section 3142(e).

To justify detention on the basis of risk of flight, the government has the burden of demonstrating that the defendant's release poses risk of nonappearance, and that there is no condition or combination of conditions that would "reasonably assure" the defendant's appearance. 18 U.S.C. 3142(e).  The burden on this factor is preponderance of the evidence. United States v. Abad, 350 F.3d 793, 797 (8th Cir. 2003); United States v. Orta, 760 F.2d 887, 891 n.17 (8th Cir. 1985).  In this case although the evidence does establish that the defendant signed two leases for apartments in Grand Island, Nebraska and also that he "lived" in Sioux City, Iowa at the same time, that does not establish risk of flight.  Even were I to find such a risk, however, appropriate conditions could be fashioned to address it sufficiently to "reasonably assure" the defendant's appearance at court proceedings.

The real concern addressed by both the government and the defendant is whether there is "clear and convincing" evidence that defendant's release poses a risk to the safety of the community. Abad, supra.  The government offered reports to the effect that defendant was suspected of molesting a six-year-old boy while he was babysitting him in late summer 2007; however, this evidence was found insufficient to trigger a criminal investigation and resulted in no finding by Iowa authorities that defendant had molested the boy.  To the contrary, the finding was to the effect that the boy's custodians had placed him in jeopardy by allowing him to reside with a known, registered sex offender.  The weight of the reports is not great.  In addition to being hearsay on hearsay, the reports are based principally on the recent reports from the boy's mother in September and December of 2008; although she reported to officials that the boy had had rectal bleeding in 2007 and that she had taken him to a

2

hospital, no report of such medical treatment is included in the evidence.  In a report of the mother's call to a Child Protective Service worker on September 5, 2008, the mother is reported to have said the boy "has had problems with rectal bleeding," possibly implying recent problems, yet in a physical examination a few days later, his condition was described as "normal."  There is no apparent reason for the one-year delay in the mother's reports, nor for the absence of any corresponding medical report. I conclude that while the reports are indeed very troubling, they do not rise to "clear and convincing" evidence.

The government argues that the fact the defendant has or had two addresses, perhaps with the motivation to skirt the requirements of the Sex Offender Registration and Notification Act, should demonstrate dangerousness to the safety of the community, because that safety was the reason Congress passed the Act.  Accepting that the safety of the community was a paramount reason for the passage of SORNA, I nevertheless do not accept the argument.

First, the defendant's reasons for having two addresses are not established by the evidence.  Even if the evidence were to the effect that a motive existed to avoid the registration requirements of SORNA, that alone would neither establish nor necessarily even support a finding of either flight risk or danger.  As found above, any risk of nonappearance can be addressed with conditions to track the defendant's whereabouts. As pertains to danger, accepting as fact for present purposes that a motive did exist to avoid the SORNA requirements, there could be many reasons for wanting to avoid those requirements short of posing a safety risk to another individual or the community.

Second, carried to its extreme, the arguments would seem to establish the proposition that anytime a person is indicted for traveling interstate without reregistering his sex offender status, and has addresses in more than one state, that combination would be enough to establish danger to the community by clear and convincing evidence.  Such a proposition is not supported by the Bail Reform Act.  While in the Adam Walsh Amendments Congress went a long way in the direction of reducing the possibilities for certain sex offenders to be released on bail, it specifically omitted 18 U.S.C. 2250 from the list of statutes, the indictment on which would establish a rebuttable presumption for detention.  18 U.S.C. 3142(e).[1]  If indictment for violating section 2250 is not sufficient alone to trigger the rebuttable presumption, it is difficult to conclude that the addition of dual addresses would be sufficient to establish danger by clear and convincing evidence.

In summary, I conclude that the government has not met its burden to demonstrate by a preponderance of evidence that there is no condition or combination of conditions that would reasonably assure the defendant's appearance at trial.  I further conclude that the government has failed to show by clear and convincing evidence that there is no condition or combination of conditions that can reasonably assure the safety of another person or the community.  A separate order will be entered setting conditions of release.

---

[1] Congress did, of course, include 18 U.S.C. 2250 in the list of statutes indictment on which would trigger a requirement for certain conditions of release.  18 U.S.C. 3142(c).

DATED this 8th day of December, 2008.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge