```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )         4:08CR3164
                               )
     v.                        )
                               )
JOSE ANTONIO GARCIA,           )         MEMORANDUM AND ORDER
                               )
               Defendant.      )
                               )
```

Before the court is the oral motion of the defendant to amend the conditions of release to provide that only the pretrial services officer should receive reports of the evaluation required by the order. That provision now provides:

> EVALUATION AND TREATMENT: The defendant shall:
>
> (X)  obtain an evaluation by a licensed sex therapist within 15 days of his release, and shall comply in good faith with the evaluator's recommendations as directed by the supervising officer.
>
> (X)  pay all or a portion of the evaluation [fee] in an amount to be arranged by the supervising officer.
>
> (X)  sign a release authorizing the supervising officer to obtain copies of the evaluator's reports and recommendations. Copies of the evaluation reports and recommendations shall be given to all counsel and the court.

The motion was made at the conclusion of the hearing on the defendant's motion to dismiss. At that time defendant's counsel informed the court that he had provided the pretrial services officer and the court redacted copies of the applicable evaluation report, but had not provided any version of the court to the government's attorney. Defense counsel offered and the court received, *in camera*, an unredacted original of the report

of Lucille Swalve, L.I.S.W., S.O.T.P.II, the therapist who evaluated this defendant.  The government's counsel requested that he be given an unredacted copy of the report, and alternatively, that he be given a redacted copy.  The government also argued that the supervising officer should be given an unredacted copy of the evaluation report.  The matter was taken under advisement at the conclusion of the hearing.

Whether to require a defendant to undergo an evaluation regarding sexual propensities for the purpose of judging the danger his/her release might pose, raises several important issues.  A common requirement in sex-related evaluation or treatment is that the person admit s/he has a problem requiring treatment; thus defendant may be placed in the position of admitting criminal acts.  If, instead, the protection against self-incrimination is invoked, it may thwart the usefulness of the treatment.  *See, e.g.*, David N. Adair, Jr., "The Privilege Against Self-Incrimination and Supervision," 63 Fed. Probation 73, 76 (June 1999); Stefan J. Padfield, "Self-Incrimination and Acceptance of Responsibility in Prison Sex Offender Treatment Programs," 49 U. Kan. L. Rev. 487 (2001).  In the pretrial release context these issues can loom even larger.  The admission-of-problem requirement may cause the defendant to disclose acts related to the charged offense to his detriment, *see* Estelle v. Smith, 451 U.S. 454, 464-65 (defendant's statements during a court-ordered pretrial custodial psychiatric examination were testimonial); United States v. Issaghoolin, 42 F.3d 1175, 1177 (8th Cir. 1994) (allowing information from a defendant's pretrial services report to be used to impeach him at trial), as well as past acts done that are as yet unknown to law enforcement.

2

In addition, such reports may not be totally reliable. For example, it may be that acts reported by a defendant never happened. Such "over reporting" is possible in an effort to make the defendant appear as a "victim" justifying his own actions in some types of sexual offenses. It has also been established that many sex offenders "under-report" their past activities particularly in child sexual abuse cases. *See*, Andres E. Hernandez, "Sex Offenders: To Detain or Not to Detain," presentation at Federal Judicial Center Seminar, November, 2008, and materials cited therein. Even if the defendant is under oath at the time of the evaluation, such reports may have no reliability, particularly if it is known that the evaluator's findings, conclusions, and recommendations may be reported to pretrial services and the court, or potentially to counsel.

In the case at hand, the evaluation has been conducted, the report has been written, and it has been provided to defendant's counsel and the court. I think it only fair that anything the court uses to weigh the defendant's risk of danger to the community should be provided to both sides of the case. Therefore, I shall order that government counsel be given the report.

However, the original report contains one paragraph which was originally redacted by defense counsel. This paragraph addresses a subject not relevant to my consideration of the defendant's risk of danger to the community or flight, and I have not considered it. Therefore, I shall order that the copy provided to the government also not include this paragraph.[1]

---

[1] Although the spacing of the lines in the letter would lead one to believe that other material has been redacted, in fact there is only the one paragraph that has been redacted.

IT THEREFORE HEREBY IS ORDERED:

The defendant's oral motion to amend conditions of release is granted in part and denied in part, as follows:

1. The last subparagraph, quoted above, is deleted and replace with the following:

> (X) sign a release authorizing the supervising officer and the court to obtain unredacted copies of the evaluator's report and recommendations. The evaluator shall provide his/her report of the evaluation and the recommendations contained therein to the pretrial services officer, who shall provide a copy to the court. Complete or redacted copies of the evaluation report and recommendations may, after review by the court, be given to all counsel.

2. Plaintiff's counsel shall be given a redacted copy of the report in accordance with this memorandum and order.

DATED this 23rd day of February, 2009.

BY THE COURT:

s/ *David L. Piester*
David L. Piester
United States Magistrate Judge