IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CR3164 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSE ANTONIO GARCIA, | ) | REPORT, RECOMMENDATION, |
| | ) | AND ORDER |
| Defendant. | ) | |
| | ) | |

The defendant is charged with violating 18 U.S.C. § 2250(a).
Filing No. 1.  The grand jury indictment alleges:

> From on and before March 8,2007 and continuing until at
> least October 24, 2008, in the District of Nebraska,
> JOSE ANTONIO GARCIA, having previously been convicted
> in the State of Iowa of an offense requiring him to
> register as a sex offender, to-wit: Lascivious Acts
> with a Child, a Felony, and Indecent Contact with a
> Child, a Felony, traveled in interstate commerce to
> Nebraska, and knowingly failed to register as a sex
> offender in the State of Nebraska, where he resided, as
> required by the Sex Offender Registration and
> Notification Act.

Filing No. 1.

The defendant has moved to dismiss the indictment under the
Due Process Clause, the Commerce Clause, the Tenth Amendment, and
the non-delegation doctrine.  Filing No. 34.  At the evidentiary
hearing on defendant's motion, the court received documentary
evidence, and took judicial notice of the Nebraska Sex Offender
Registration Act, Neb. Rev. Stat. §§ 29-4001 through 29-4014.
There was no witness testimony offered on defendant's motion to
dismiss.  At the defendant's request, the court has also
considered the federal Sex Offender Registration and Notification
Act ("SORNA"), (42 U.S.C. §§ 16901-16991), the Jacob Wetterling
Crimes Against Children and Sexually Violent Offender

Registration Program, (42 U.S.C. § 14071), and 18 U.S.C. § 2250(a).

Based on the evidence and applicable law, I conclude the defendant's motion to dismiss should be denied.

FINDINGS OF FACT

The defendant was previously convicted of performing lascivious acts with a child (Count I) and indecent contact with a child (Count II) in violation of Iowa Code §§ 709.8(1) & 709.12.  On October 23, 1998, he was sentenced to serve five to seven years imprisonment on Count I and two years imprisonment on Count II, the sentences to run consecutively.  Ex. 104, ¶ 1.

On October 10, 2000 and/or March 7, 2001, the defendant was notified that a person convicted of violating of an offense as defined in Code of Iowa 692A, (Ia. St. § 692A.1), must register with the Iowa Sex Offender Registry.  Section 692A.1(d) requires persons convicted of lascivious acts with a child, (Ia. St. 709.8(1)), to register as sex offenders.  The Notification of Registration Requirements further stated the defendant must:

- Register with the sheriff of the county of defendant's residence within five days after establishing a residence in Iowa, and five days after release from confinement or parole.

- Thereafter register annually for a period of ten years.

- Register a change of address notification within five days after moving to a different residence within the same county, within a different Iowa county, or to another state provided the new state's law requires sex offender registration.

2

> • Notify the sheriff of the offender's former county of residence within five days after moving to a different county or state.

Ex. 1, p. 1.   The notice concludes:

**FAILURE TO REGISTER WILL RESULT IN AUTOMATIC REVOCATION OF PROBATION, PAROLE, OR WORK RELEASE AND CAN RESULT IN CRIMINAL CHARGES UP TO A CLASS C FELONY.**

Exhibit 1, p. 1 (emphasis in original).  The defendant signed the document, thereby acknowledging he had been notified of his "DUTY UNDER CHAPTER 692A., CODE OF IOWA, TO REGISTER WITH THE IOWA SEX OFFENDER REGISTRY."  Ex. 1, p. 1 (emphasis in original).

   The defendant was discharged from parole on March 4, 2002 and promptly registered as a sex offender in compliance with Iowa law.  Ex. 1, p. 2.  The defendant re-verified his address with the Iowa Sex Offender Registry in March of 2003 and 2004.  The address verification submitted in 2005 indicated the defendant had moved to a different apartment.  Ex. 1, p. 6.  The Iowa Division of Criminal Investigation sent a letter to the defendant reminding him of his duty to report any change of address to the sheriff of Woodbury County, Iowa.  The reminder letter further stated:

> Failure to report a change of residence to the affected county sheriff(s) and/or state agencies as outlined in the Code of Iowa, Section 692A.3, can result in additional criminal charges against you.

Ex. 1, p. 5.  In response to the reminder letter, the defendant filed a Sex Offender Registration change of information form with the Woodbury County, Iowa sheriff's office on April 8, 2005.  Ex. 1, p. 7.  Thereafter, the defendant verified his address as "817 8th St, Apt B, Sioux City, IA 51105" with the Iowa Sex Offender Registry in March of 2006, 2007, and 2008.  Ex. 1, pp. 8-10.

3

Neither the "Notification of Registration Requirement" provided by Iowa and signed by the defendant on October 10, 2000 and/or March 7, 2001, nor the reminder letter sent to the defendant on April 4, 2005 mention the federal Sex Offender Registration and Notification Act, 42 U.S.C. § 16911 et seq., ("SORNA").

The United States Attorney General issued finalized proposed guidelines for state implementation of SORNA in June of 2008. Ex. 101; ex. 104, ¶ 2. However, Nebraska's sex offender registry is operated in accordance with the terms of its statutory law, (Neb. Rev. Stat. §§ 29-4001 through 4014; ex. 102), and Nebraska has not adopted the final guidelines established by the Department of Justice and continues to operate under the terms of the Nebraska Sex Offender Registration Act, (Neb. Rev. Stat. §§ 29-4001 through 4014), without regard to the finalized guidelines promulgated by the United States Attorney General. Ex. 104, ¶ 2.

The indictment filed against the defendant in this court on November 18, 2008 charges the defendant with violating SORNA. Specifically, the indictment alleges the defendant is a convicted sex offender, and during the time frame beginning on or about March 8, 2007 and continuing until at least October 24, 2008, he traveled in interstate commerce and knowingly failed to register as a sex offender in Nebraska. Filing No. 1. A federal arrest warrant was issued on November 19, 2008. Filing No. 4.

LEGAL ANALYSIS

The defendant seeks dismissal of the grand jury indictment under the Due Process Clause, the Commerce Clause, the Tenth Amendment, and the non-delegation doctrine. Filing No. 34. The core relevant facts and the due process, Commerce Clause, and

4

separation-of-powers arguments raised in U.S. v. May, 535 F.3d 912 (8th Cir. 2008), are indistinguishable from those raised herein by defendant Garcia.  See, Appellant Brief, U.S. v. May, 2007 WL 4648777 (Dec. 4, 2007).  Each of these constitutional arguments for dismissal was rejected by the May court.  See also, U.S. v. Zuniga, 2008 WL 2184118 (D. Neb., May 23, 2008)(Kopf, J., presiding).  The facts of May are therefore explained at the outset of this legal analysis.

In May, the defendant was convicted of a felony sex offense in Oregon, and after being released from prison in 2000, registered as a sex offender as required under Oregon law.  He relocated to Maryland, failed to register as a sex offender as required under Maryland law, and was convicted in Maryland of violating that state's sex offender registration act in 2002. After release from incarceration in Maryland, the defendant returned to Oregon but failed to update his registration.  He was charged and convicted of violating Oregon's sex offender registration act in 2004.  The defendant thereafter complied with Oregon's registration requirements until November 8, 2006.

SORNA was enacted and became effective on July 27, 2006. May re-located to Iowa on November 18, 2006, and he "neither updated his registration in Oregon, nor registered as a sex offender under Iowa law."  May, 535 F.3d at 915.  Pursuant to the authority cited in 42 U.S.C. § 16913(d), the Attorney General issued an interim rule on February 28, 2007 which stated:

> The requirements of the Sex Offender Registration and Notification Act apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act.

28 C.F.R. § 72.3.

On June 20, 2007, May was indicted by an Iowa grand jury for being a sex offender who traveled in interstate commerce on November 18, 2006 and knowingly failed to register and update his registration in violation of SORNA.

Defendant May moved to dismiss the indictment as violating the non-delegation doctrine, the Due Process Clause, and the Commerce Clause.[1]  The court in May rejected each of these arguments.  May, 535 F.3d at 921.

    1.   The Non-Delegation Doctrine.

Defendant Garcia argues that SORNA unlawfully "delegated to the Attorney General the authority to specify the applicability of the Act to sex offenders convicted before July 27, 2006."  He argues 42 U.S.C. § 16913(d) impermissibly allows "the Attorney General to determine the very individuals to which SORNA applies, with no standards to guide this determination," in violation of the non-delegation doctrine.  Filing No. 35, at CM/ECF p. 13.  As explained by the May court, the defendant lacks standing to raise this claim.

May held that the authority granted under 42 U.S.C. § 16913(d) was very narrow in scope and extended to only those currently unregistered sex offenders who were literally unable to comply with the registration requirements of 42 U.S.C. § 16913(b).  The court reasoned that May lacked standing to challenge the authority granted to the Attorney General under 42

---

[1]The defendant in May also argued his SORNA indictment violated the Ex Post Facto clause.  Defendant Garcia has not raised an ex post facto claim for dismissal.

U.S.C. § 16913(d) because May was obligated and able to register as a sex offender under Oregon law at the time SORNA was enacted, and under Iowa law when he changed his state residence, and therefore May was being prosecuted for violating SORNA itself, not the Attorney General's later-published interim rule.  May, 535 F.3d at 919.  See also, Zuniga, 2008 WL 2184118, at *12 (holding that since the defendant was required to maintain a current sex offender registration in accordance with Utah and Nebraska law at the time SORNA was enacted on July 27, 2006, the defendant lacked standing to raise the non-delegation issue because he was being charged under SORNA itself, not the Attorney General's interim rule).

For the same reasons, defendant Garcia lacks standing to challenge the delegation of authority.  Garcia was obligated to register as a sex offender under Iowa and Nebraska law at the time SORNA was enacted.  See Nebraska Sex Offender Registration Act, Neb. Rev. Stat. §§ 29-4001, et. seq. (enacted April 3, 1996); Iowa Sex Offender Registry, Ia. St. § 692A.1,(applicable July 1, 1995, Ia. St. § 692A.16).  He is being charged and prosecuted under SORNA itself, which was enacted by Congress, not the Attorney General's interim rule.  Defendant Garcia lacks standing to assert his indictment arises from an unlawful delegation of authority from Congress to the executive branch in violation of the non-delegation doctrine.

2.    The Due Process Clause.

Defendant Garcia claims he cannot be charged with knowledge of SORNA's requirements, and therefore cannot be prosecuted under SORNA, "because the State of Nebraska has not yet agreed to implement SORNA," "there is not yet any place within this State

to go for Garcia to register under SORNA," and knowledge of
SORNA's registration requirements cannot be inferred from the
defendant's knowledge of the Iowa or Nebraska registration
requirements because the SORNA requirements in much stricter and
more onerous.  Filing No. 35, at CM/ECF pp. 4-6.  Identical
arguments were raised in May, (see, Appellant Brief, U.S. v. May,
2007 WL 4648777 at * 32-33 (Dec. 4, 2007)), and were
characterized by the May court as, in essence, "ignorance of the
law" arguments.  See also, Zuniga, 2008 WL 2184118, at *15.

> A defendant can violate SORNA "by failing to register
> or update a SORNA imposed registration obligation or a
> registration obligation imposed by another law."  U.S.
> v. Marcantonio, 2007 WL 2230773, at *2 (W.D.Ark. July
> 31, 2007).  The defendant "need not, to have committed
> the federal crime, have been told by some official that
> he had to register pursuant to SORNA."  Dixon, 2007 WL
> 4553720, at *4. See also, Hinen, 487 F.Supp.2d at 754
> ("The fact that the defendant may not have been advised
> of the specific requirements of SORNA is not
> determinative.").

Zuniga, 2008 WL 2184118, at *15.  "The Due Process Clause does
not require notice that failure to register as a sex offender
violates the federal law set forth in SORNA.  Rather, sufficient
due process is afforded if the defendant had notice that failing
to register or update his sex offender registration was illegal."
Zuniga, 2008 WL 2184118 at *16 (collecting cases).  See also,
May, 535 F.3d at 921 (rejecting defendant's due process claim for
dismissal of his SORNA indictment, reasoning that since May
acknowledged in his plea agreement that he was aware of his
"obligation to register and keep his registration current when
moving between jurisdictions," his due process rights were not
violated).

The indictment filed against defendant Garcia alleges he "knowingly failed to register as a sex offender in the State of Nebraska, where he resided, as required by the Sex Offender Registration and Notification Act."  Filing No. 1.  Under both Iowa and Nebraska law, the defendant was required to register as a sex offender and update the registration when re-locating to a different residence.  The evidence submitted indicates defendant Garcia was notified of his registration requirements under Iowa law.  Consistent with the holding in Zuniga:

> Defendant [Garcia] received sufficient notice that failing to maintain a current sex offender registration was illegal and could warrant criminal prosecution. Irrespective of whether "SORNA" or the federal requirements of SORNA were ever mentioned by any state official, referenced in the [Iowa] documents the defendant received, or incorporated into either [Iowa's] or Nebraska's statutes, due process principles do not foreclose this prosecution or justify dismissal of the indictment.

Zuniga, 2008 WL 2184118 at *17.  Defendant Garcia's motion to dismiss based on the Due Process Clause should be denied.

3.   The Commerce Clause.

The defendant claims the indictment must be dismissed because Congress lacks the power under the Commerce Clause to force individuals convicted of purely local sex offenses to register as sex offenders.  Filing No. 35, at CM/ECF p. 6.

May held that "SORNA contains a sufficient nexus to interstate commerce," (May, 535 F.3d at 922), "includes an express and clear jurisdictional element for individuals not convicted pursuant to federal jurisdiction," (id.), and does not

violate the Commerce Clause.  Id.  The defendant's motion to
dismiss under the Commerce Clause should be denied.

    4.   The Tenth Amendment.

    The defendant claims "SORNA's registration requirements,
which impose a federal obligation on offenders to register in
individual state sex offender registries," encroach on the
federal power on state sovereignty in violation of the Tenth
Amendment.  Filing No. 35, at CM/ECF p. 11.  May did not address
a Tenth Amendment argument for dismissal.

    The defendant lacks standing to raise a Tenth Amendment
claim.  A "private citizen, acting on his own behalf and not in
an official capacity or on behalf of the state citizenry," cannot
challenge federal legislation of Tenth Amendment grounds.
Zuniga, 2008 WL 2184118 at *19 (citing Tenn. Elec. Power Co. v.
Tenn. Valley Auth., 306 U.S. 118, 144 (1939), and U.S. v.
Beasley, 2007 WL 3489999, 1 (N.D. Ga. 2007)).

    Even assuming the defendant has standing to raise a Tenth
Amendment claim, his argument fails.  Although commanding state
officials to administer and enforce a federal regulatory program
violates the Tenth Amendment, (Printz v. U.S., 521 U.S. 898, 935
(1997)), SORNA does not mandate state compliance.  Rather, states
can choose not to implement SORNA at the risk of losing a portion
of their federal funding.  "The Tenth Amendment is not violated
when the federal government encourages states to enact SORNA's
provisions as a condition to receipt of federal funding."
Zuniga, 2008 WL 2184118 at *20 (collecting cases).  Moreover,
SORNA was enacted pursuant to Congress' legitimate exercise of
authority under the Commerce Clause, and accordingly, it does not

violate the Tenth Amendment.  Zuniga, 2008 WL 2184118 at *20
(collecting cases).  See also, U.S. v. Hallowell, 2008 WL
4093699, *12 (D. Neb. 2008)(Strom, J., presiding).

The defendant's motion to dismiss based of the Tenth
Amendment, and all other grounds set forth in his motion to
dismiss, should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard
G. Kopf, United States District Court Judge, that the defendant's
motion to dismiss, (filing no. 34), be denied in all respects.

The parties are notified that a failure to object to this
recommendation in accordance with the local rules of practice may
be held to be a waiver of any right to appeal the district
judge's adoption of this recommendation.

IT FURTHER HEREBY IS ORDERED:  Trial is set for 9:00 a.m. on
May 11, 2009, for a duration of three trial days before the
Honorable Richard G. Kopf in Courtroom 1, United States
Courthouse and Federal Building, 100 Centennial Mall North,
Lincoln, Nebraska.  Jury selection will be at the commencement of
trial.

DATED this 6th day of March, 2009.

BY THE COURT:

s/ *David L. Piester*

David L. Piester
United States Magistrate Judge

11